DAVID A. FRIER, ET ALS., APPELLANTS, VS. THE STATE OF
FLORIDA, APPELLEE.

1. In a suit by the State against an individual for the recovery of a money
   demand, a plea of "set-off" is of no avail, unless the terms of the statute
   (Thomp. Dig., 417,) be strictly complied with.
2. Public policy requires of those charged with the collection of the public
   revenue, the observance of the utmost good faith and promptitude in the
   discharge of their duties, and hence they are to be held to the most rigid
   accountability.
3. An officer charged with the duty of collecting the public revenue is
   allowed to receive, in payment of the same, only such obligations of the
   State as are by law made receivable in the payment of public dues; and
   in accounting with the Treasury department, or in defending himself
   against a suit by the State, he is not entitled to any other claim or
   demand, unless the same is based upon a transaction in which himself
   and the State were the immediate parties, and which the State is legally
   or equitably bound to discharge.
4. Nor is such officer authorized to make himself a creditor of the State,
   by dealing in or purchasing claims against the same. It is his duty to
   collect the revenues of the State in currency, or in such obligations as
   are made receivable, and to pay the same into the Treasury. It is no
   part of his duty either to audit or pay claims against the State—that is
   the peculiar function of the Comptroller and Treasurer.
5. Where a plea is demurred to, and, by consent of parties, both the law
   and facts of the case are submitted to the Judge for his adjudication, the
   defendant waives his right to the benefit of a judgment "*respondeat
   ouster*," should the demurrer be sustained.
6. It is no ground of error to enter a judgment "*nunc pro tunc*," when
the entry had been omitted to be made at the proper time.

Appeal from the Circuit Court of Alachua county.
This case was decided at Tallahassee.
A statement of the case is contained in the opinion of the
court.

*J. J. Finley* for Appellants.

*G. J. Arnow* for Appellee.

Frier vs. The State of Florida—Opinion of Court.

DuPONT, C. J., delivered the opinion of the court.

The pleadings show that this was an action of debt brought by the State against the appellant and his sureties on his official bond as Tax Assessor and Collector for the county of Alachua. The breach alleged in the declaration is a failure to pay into the Treasury of the State the taxes collected by him in the said county.

The appellants filed two pleas, viz: "*Nil debet* and Set-off." The subject matter of the "set-off" consisted exclusively of divers Treasury Warrants, amounting to over seven thousand dollars, which were alleged to have been issued under and by authority of an act of the General Assembly, approved on the 8th day of February, A. D. 1861, and entitled "an act to provide for the payment of the Florida Volunteers and others, who have not been paid for services actually rendered to the State of Florida in the last war with the Seminole Indians." The plea of "*Nil debet*" was stricken out on motion, and to the plea of "set-off" the plaintiff filed a demurrer.

By agreement of counsel a jury was waived, and the cause was submitted to the court for its adjudication, both as to the law and the facts, reserving to either party the right to appeal. The record further shows, that after due consideration by the court, the demurrer to the plea of set-off was sustained, and a judgment ordered to be entered for the plaintiff below for the sum of six thousand and forty-nine dollars and eighty-three cents. It is from this judgment that the appeal is taken, and the appellants now bring their case to this court for its supervision.

The errors assigned are as follows, viz:

"1st. The court below erred in sustaining the plaintiff's demurrer to the defendants' second plea, and in striking out said plea.

"2d. The court below erred in refusing to grant the de-

fendants' motion to open the judgment entered in the case, and allowing them to plead, and in refusing to grant a new trial.

"3d. The court below erred in granting the motion of the plaintiff for a judgment '*nunc pro tunc.*'"

In the very able and elaborate argument made by the counsel for the appellants at the hearing of this cause, he confined himself to a single point, to-wit: the validity of the Treasury Warrants, which constituted the subject matter of the set-off, and the power of the State Convention to nullify or impair the obligation attaching to them.

In the view which we have taken of the case, it will be seen that we have not felt ourselves called upon to adjudicate, or even to consider that question. It does not legitimately arise, and its solution is not necessary to enable us to arrive at a definite conclusion with respect to the rights of the parties.

The act of the General Assembly (vide Thomp. Dig., 417, § 3 and 4,) provides that "where suit shall be instituted against any person or persons indebted to the State as aforesaid, it shall be the duty of the court, where the same shall be pending, to grant judgment at the return term, upon motion, unless the defendant shall, in open court, the Solicitor being present, make oath or affirmation that he is equitably entitled to credits, which had been, previous to the commencement of the suit, submitted to the consideration of the Comptroller of Public Accounts and rejected, specifying each particular claim, as rejected, in the affidavit, and that he cannot then come safely to trial; oath or affirmation to this effect being made, subscribed and filed, if the court will thereupon be satisfied, a continuance until the next succeeding term may be granted, but not otherwise, unless as provided in the preceding section."

It is provided in the 4th section, above referred to, that, "in suits between the State and individuals, no claim for a

Frier vs. The State of Florida—Opinion of Court.

credit shall be allowed upon trial, but such as shall appear to have been presented to the Comptroller for his examination, and by him disallowed in whole or in part, unless it should be proved to the satisfaction of the court that the defendant is at the time of trial in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the Comptroller's office, by absence from the State or some unavoidable accident."

There is no evidence in the record going to show that the credit claimed by the defendant, as set forth in his plea of "set-off," had ever been submitted to the Comptroller for his examination, and, in the absence of such evidence, we cannot conceive how the Judge below could have done otherwise than to have rejected the plea. It is not even pretended that the plea of "*nil debet*" was sustainable in this form of action, and the plea of "set-off" having been properly overruled, the case stood wholly undefended, and the court was right in giving judgment for the plaintiff.

It may be objected, however, that the credit claimed being based upon the possession of certain "warrants," purporting to have been issued by the Comptroller, there was no necessity to present them for his examination. We do not perceive the force of the objection, or any reason why this class of credits should be exempted from the very wise and wholesome requisition of the law. It may so happen that "warrants" purporting to have been issued by the Comptroller, may, upon presentation, prove to be forgeries, or to have been fraudulently issued, or to have improperly come into the possession of the party claiming the allowance of the credit.

In the case under consideration, the defendant was an officer of the State, charged with the highly responsible duty of collecting the public revenue. The account current,

properly certified by the Comptroller of Public Accounts, and making a part of the record, shows that he had made default in the settlement of his account, and stood upon the books of the Comptroller as a defaulter. There is no evidence going to show that he ever made an effort to have a final settlement of his account as Tax Collector; but the negative evidence is very strong that he purposely neglected so to do, and determined to stand a suit for the balance standing against him, relying, as he evidently did, upon his ability to defend the same through his plea of set-off. Such conduct in a public officer is inexcusable and not to be tolerated, especially in one charged with the highly responsible duty of collecting the public revenue. It is his province to collect and not to disburse the public funds; and if he suffer loss by trenching upon the appropriate functions of the State Treasurer, it is the result of his own indiscretion and an unwarrantable disregard of the wise provisions of the statute.

There is no class of officers from whom the public expect, and have a right to require a more strict observance of the utmost good faith and promptitude in the discharge of their duties than that of Tax Collectors. Upon their honesty and efficiency the State is mainly dependent for its pecuniary credit, and hence the necessity of holding them to a rigid accountability. Without traveling beyond the limits of the case before us, we have felt ourselves authorized to lay down the following propositions with reference to and for the guidance of this very important class of public officers:

1st. An officer charged with the duty of collecting the public revenue is allowed to receive in payment of the same only such obligations of the State as are by law made receivable in the payment of public dues; and in accounting with the Treasury department, or in defending himself against a suit by the State, he is not entitled to a credit for any other claim or demand, unless the same is based upon a

Frier vs. The State of Florida—Opinion of Court.

transaction in which himself and the State were the immediate parties, and which the State is legally or equitably bound to discharge.

2d. Nor is such officer authorized to make himself a creditor of the State by dealing in or purchasing claims against the same. It is his duty to collect the revenues of the State in currency, or in such obligations as are made receivable, and to pay the same into the Treasury. It is no part of his duty either to audit or pay claims against the State. This is the appropriate function of the Comptroller and Treasurer.

Entertaining these views, we have no hesitancy in overruling the first of the errors assigned.

The second error assigned is based upon the refusal to open the judgment and allow the defendant to plead over, and also upon the refusal to grant a " new trial." It is undoubtedly the right of a defendant, both by the statute and by the practice in the courts of common law, who has been cut off from a defence by a demurrer, to be permitted to plead over, and thus avail himself of any other defence that he may have to the action. But this privilege may be waived by the defendant, and we think that he does waive it whenever, as in this case, he consents to submit both the law and the facts to the judgement of the court. Ordinarily, "*respondeat ouster*" is the appropriate judgment where a demurrer to the plea is sustained ; but the rule does not prevail where a jury is dispensed with, and the whole case is referred to the Judge. The very fact of submitting the case is a tacit acknowledgment that the defendant has no other available defence than such as is embraced in the plea submitted with the case. It might produce interminable delay were the other rule to prevail, and the provision of the statute, which was designed for the benefit of the parties, be productive of irreparable injury. Besides, we are not altogether certain that instead of demurring, the plaintiff might not have had the plea stricken

out on motion, for the lack of that verification which the statute prescribes. But, be that as it may, it does not affect the conclusion at which we have arrived.

In considering the other branch of the error assigned, to-wit, the refusal to grant a "new trial," we have discovered no good or even plausible ground for granting the same; and the second error is also overruled.

The third and last error assigned is, that the court ought not to have granted the motion of the plaintiff to have the judgment entered "*nunc pro tunc*." This point was not argued at the hearing, and we are at a loss to discover any ground for the objection. It is the every day practice of the courts to permit the correction of all mere clerical omissions, and the entry of a judgment "*nunc pro tunc*" is of very common occurrence. (Vide Hagler vs. Mercer, 6 Florida Reports, 721.)

This assignment is also overruled.

In view of the importance of this case, in prescribing the duties of officers charged with the collection of the public revenues, we have given more than ordinary attention to its investigation, and are clearly of opinion that the judge below did not err in giving a judgment for the plaintiff.

It is, therefore, ordered and adjudged that the judgment entered in this case be affirmed, with costs.