## KRIETMEYER v. BALDWIN DRAINAGE DIST.

(District Court, S. D. Florida.   April 25, 1924.)

No. 309.

1. **Statutes ⬠123(7)—Subject of act, providing means for collection of drain-act district taxes, sufficiently expressed in title.**

Acts Fla. 1923, c. 9129, entitled "For the assessment, levy and collection of taxes to pay the costs of improvements and works" in drainage district, providing a way to collect drainage district taxes in event supervisors fail to do so, and amending Rev. Gen. St. Fla. 1920, § 1138, as to organization of drainage districts, *held* not to violate Const. art. 3, § 16, requiring each law to embrace but one subject, to be expressed in the title.

2. **Constitutional law ⬠48—Doubt resolved in favor of constitutionality.**

Courts will not declare a statute violative of the Constitution, unless violation is free from doubt.

3. **Drains ⬠20—In bondholder's suit, facts held not to prevent appointment of receiver for district.**

In bondholder's suit for appointment of receiver for drainage district, that supervisors had been compelled to purchase land, which they were unable to sell, and certain large property owners had made arrangement for payment of taxes with a bank, which had become insolvent, *held* not to excuse delay in collecting delinquent taxes, or prevent appointment of receiver.

In Equity.  Suit by Louis H. Krietmeyer against the Baldwin Drainage District.  On application for appointment of receiver for defendant.  Application granted.

Cooper, Cooper & Osborne, of Jacksonville, Fla., for complainant.

G. W. L. Smith, of Brewton, Ala., and J. Turner Butler, of Jacksonville, Fla., for intervening petitioner.

Reynolds & Rogers, of Jacksonville, Fla., for defendant.

CALL, District Judge.   This cause comes on for a hearing upon the application for the appointment of a receiver for the defendant upon the bill of complaint, the affidavits filed, and the answer of the defendant.

[1] The bill charges, among other things, that the complainant is the owner of more than $3,000 of the interest coupons of drainage bonds issued by the defendant, that said coupons have been due more than ninety days, and that the defendant is without funds to pay same. It then prays for a receiver under the provisions of the amendment to section 1138 of the Revised General Statutes of Florida.

The answer of the defendant admits that the interest coupons on the drainage bonds, due January 1, 1924, are unpaid, and that it has no funds with which to pay same, but contends, first, that the amendment incorporated in the section of the Revised Statutes, whereby the courts are authorized to appoint a receiver under the facts alleged in the bill, is unconstitutional, in that it is violative of section 16 of article 3 of the Constitution of the state of Florida.   The part of the section contended to have been violated requires each law shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Chapter 9129 of the Acts of 1923, the amending act, in its title mentions ten sections of the Revised General Statutes "relating to the organization and maintenance of drainage districts and the reclamation of wet and overflowed lands, providing for the assessment of benefits against the lands, and for the assessment, levy, and collection of taxes to pay the costs of improvement and works in such drainage districts," etc. Section 1138 seems to have been virtually re-enacted, with the addition of the provision empowering courts to appoint receivers under certain conditions to collect the taxes theretofore levied, to be applied to the payment of past-due interest coupons, etc. The question, therefore, is: Does the title briefly express the subject? The words used in the title are: "For the assessment, levy and collection of taxes to pay the costs of improvements and works."

[2] Bearing in mind the well-established rule that the courts will not declare a legislative act violative of the Constitution, except in cases where such violation is free from doubt, I am not prepared to say that the subject embodied in the amendment incorporated in the section is not briefly expressed in the title. The subject named in the title is the organization of drainage districts, and the assessment, levy, and collection of taxes. The amendment provides a way to collect these taxes in the event the board of supervisors have not done so, and made default for 90 days in the payment of interest coupons on bonds issued by the district to build the drainage works. I am of opinion, therefore, that the title of the amendatory act is broad enough to sustain the amendment to section 1138 of the Revised General Statutes.

[3] Second. The answer then alleges a receiver ought not to be appointed because the supervisors failed to collect the drainage taxes, because certain large property holders in the district had made arrangements to pay their taxes, one by depositing a sum of money in a bank, and the others by having arrangements with the bank to secure funds with which to pay same, and the bank had become insolvent. No suits to enforce the payment of these delinquent taxes for years prior to 1923 had been brought since 1920, when the bill was filed in this cause. The reason given for this nonaction is that the supervisors had to buy in some 7,000 acres in the proceedings of 1920 and had not been able to sell them.

These reasons do not seem to me sufficient, where the Legislature has given a plain remedy to the coupon holder, in the event that the supervisors neglect to perform the duties cast upon them by the statute. I am of opinion, therefore, that a receiver should be appointed, with power to demand and receive from the supervisors the tax books showing delinquent taxes, and proceed to collect such delinquent taxes pursuant to the state statute.

It will be so ordered.