(105 So. 78)

No. 26895.

**DEPEW et al. v. VENICE DRAINAGE DIST.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Drains** &#9758;20—**Receivers cannot be appointed for drainage districts designated as political subdivisions of state.**

District court's jurisdiction to appoint receivers is limited by Const. 1921, art. 7, § 35, and Act No. 159 of 1898, as amended by Act No. 117 of 1916, to private corporations and partnerships, and does not extend to appointment of receivers for public corporations, such as drainage districts, designated by Act No. 256 of 1910, § 1, as political subdivisions of state.

2. **Municipal corporations** &#9758;1033 — **Receiver may not be appointed, for "public corporation."**

A "public corporation" is one created for political purposes, with political powers to be exercised for public good in administration of civil government, subject to control of Legislature, and its officers are officers of government for administration and discharge of public duties, whose misconduct may be urged as cause for removal in proper proceeding, but not as ground for appointment of receiver for corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Corporation.]

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines ; Leander H. Perez, Judge.

Suit by W. C. Depew and others against the Venice Drainage District. Judgment for plaintiffs, and defendant appeals. Reversed, and suit dismissed.

Percy Saint, Atty. Gen., and Philip R. Livaudais, Dist. Atty., of New Orleans, for appellant.

Titche & Titche, Oliver S. Livaudais, and Joseph Harris Brewer, all of New Orleans, for appellees.

BRUNOT, J. This is a suit brought by the holders of $43,000, of a series of public improvement bonds issued by the Venice drainage district, and listed by the supervisor of public accounts of the state. The purpose of the suit is to have the Venice drainage district placed in the hands of a receiver. The district court overruled an exception to the jurisdiction of the court and an exception of vagueness. Defendants answered the petition, and judgment was rendered on the merits in favor of the plaintiffs, appointing Anthony Commander receiver of the Venice drainage district, with full power to hold, administer, manage, and dispose of the property and income of the corporation, to take charge of and manage the affairs of the corporation, to receive from the sheriff the taxes that are annually levied by it, and to distribute the same under the orders, direction, and supervision of the court, to the persons entitled to receive them.

From this judgment, the defendant appealed.

[1] The first question presented by the pleadings and exceptions in this case is, Can a district court, under its jurisdiction conferred by the Constitution and laws of this state with reference to receivers, appoint a receiver to a public corporation designated by law as a political subdivision of the state?

Section 1 of Act 256 of 1910 is as follows:

"Be it enacted, by the General Assembly of the state of Louisiana, that parishes, wards, cities, towns, villages, school districts, road districts, drainage districts and subdrainage districts are declared to be political subdivisions of the state, and special taxes may be levied and debt incurred and negotiable bonds issued therefor as hereinafter provided."

Section 35 of article 7 of the Constitution of 1921 confers upon district courts unlimited and exclusive original jurisdiction in all proceedings for the appointment of receivers or liquidators to corporations and partnerships.

The word "unlimited," as used in the Constitution, can have reference only to the

amount involved in the receivership. To hold otherwise would be a recognition of the power of district courts to appoint receivers for any agency of the government, a result which would be subversive of the basic principles upon which this government is founded. The jurisdiction of district courts in the matter of receiverships is specially limited by statute to private corporations and partnerships, and, as regards these, their jurisdiction is unlimited. Act 159 of 1898, as amended by Act 117 of 1916, applies exclusively to private corporations and partnerships.

We know of no authority, and counsel has cited none, in which a receiver was ever appointed, in a contested case by a court of this state, to take over and administer the affairs of a public political corporation.

[2] A public corporation is one that is created for political purposes, with political powers, to be exercised for the public good in the administration of civil government. It is an instrument of government, subject to the control of the Legislature, and its officers are officers of the government for the administration and discharge of public duties.

The sins of commission and omission, which plaintiffs impute to the commissioners of the Venice drainage district, may be urged, in a proper proceeding, as cause for their removal from office, but in this case we are concerned only in ascertaining if the courts of this state have jurisdiction to appoint receivers to corporations declared by law to be political subdivisions of the state. If this court should hold that the judiciary may take over and control the agencies of government and substitute its judgment for the discretion vested in the legally constituted authorities, the legislative and executive branches of government might as well cease to function. The contemplation of such a monstrosity is repugnant to common sense.

We are of the opinion that the exception to the jurisdiction of the court should have been sustained, and that the district judge erred in overruling it. The judgment appointing a receiver of the Venice drainage district is therefore reversed, and this suit is dismissed, at plaintiffs' cost.