FIRST STATE SAVINGS BANK OF MORENCI, MICHIGAN, *et al.,*
v. LITTLE RIVER DRAINAGE DISTRICT, *et al.*

165 So. 48.
Division A.
Opinion Filed December 27, 1935.

C. L. *Chancey,* for Appellants;

*John E. Holland* and *Brown & Wood,* for Appellees.

Davis, J.—The decree in this case refusing to award an injunction to complainant below to restrain the Supervisors of Little River Valley Drainage District established under Article I, Chapter 3, Title 7, First Division, Compiled General Laws of Florida, 1927, as amended by Chapter 12078, Acts 1927, General Laws of Florida, from accepting bonds or interest coupons in lieu of money in payment of taxes due the District with which to provide for the payment of, and to retire, appellants' bonds, should be and the same is hereby reversed on the authority of the following cases: Frier v. State, 11 Fla. 300; Crummer v. City of Fort Pierce, 2 Fed. Suppl. 737; McNee v. Wall, 4 Fed. Suppl. 496 (reversed by U. S. Supreme Court on other grounds); Keefe v. City of St. Petersburg, 5 Fed. Suppl. 132; Moore v. Branch, 5 Fed. Suppl. 101; Harris v. City of Miami, 6 Fed. 305; Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

Where bonds are provided to be payable in money, it is incompetent for the Legislature, against the protest of hold-

ers of such bonds, to permit taxes levied for the payment of the principal and interest of the bonds and pledged to be collected and applied thereon, to authorize the debtor obligor to accept bonds and coupons in payment of taxes levied for debt service and due to be paid in money as provided by the laws in force at the time the bonds were issued, unless some equally efficient and adequate means of payment is provided as a substitute for the discharged taxes so provided to be settled by a medium of payment other than money as covenanted for in the bonds and statutes under which they were issued.

In connection with the foregoing discussion, it should be pointed out that appellants' bonds are not general obligations of a district for which ordinary taxes can be levied and collected, in perpetuity if necessary, to satisfy the district debt. On the contrary, in Drainage Districts such as this one, the special tax levies (i. e. special assessments for benefits) authorized to discharge the outstanding obligations of the drainage district *are restricted* to the total amount of the district benefits ascertained and set forth in the plan of reclamation. See: Moran v. State, *ex rel.* Montgomery, 111 Fla. 429, 149 Sou. Rep. 477. Compare: State, *ex rel.* Smith, v. Butt, 111 Fla. 630, 149 Sou. Rep. 746, text 755 (special concurring opinion discussing Futch Acts of 1933).

Therefore all *funds* on hand (the term "funds" here used being employed in the sense of tax liens capable of being realized upon and converted into cash as well as cash itself after realization) are equitable assets of the drainage district held by the Supervisors thereof under a special statutory trust created for the particular security and benefit of the district's creditors. Accordingly the district supervisors, as statutory trustees, are without authority to discharge, satisfy, liquidate or release any of the equitable

assets held by them as security for the payment of the district's bonds, except in accordance with the terms of law under which such assets were originally provided to be collected and held, any subsequently passed statutes providing to the contrary being incapable of being given judicial effect for that purpose as against a complaint in equity duly asserted against the same by one alleging himself to be a creditor of the district and prejudiced thereby. See: Duval County v. Jennings, 121 Fla. 584, 164 Sou. Rep. 356.

Chapters 15054, Acts 1931; 14712, Acts 1931; 16251, Acts 1933, and 16256, Acts 1933 (being Sections 999-2 and 999-20 and Sections 1474-4 and 1474-9, C. G. L., 1934 Supplement), are therefore insufficient to constitute any defense to the injunction sought in this case, which the Chancellor should have granted.

Reversed for proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.