LITTLE RIVER VALLEY DRAINAGE DISTRICT, *et al.*, v. FIRST STATE SAVINGS BANK OF MORENCI, MICHIGAN, *et al.*

167 So. 376.
Division A.
Opinion Filed March 31, 1936.

*Bart A. Riley,* and *Brown & Wood,* for Appellants; C. L. Chancey and J. T. Chancey, for Appelles.

DAVIS, J.—This is an appeal from a final decree of the

Circuit Court of Dade County apointing a receiver for Little River Valley Drainage District, and directing him to proceed with the collection of all taxes or annual installments, including the lawful interest penalties and costs heretofore levied, for the payment of the bonds of the said District described in the plaintiffs' bill, and directing that said receiver distribute and pay out all such money that shall at any time come into his hands on account of the levy and collection of taxes and annual assessments to each of the bondholders of the Little River Valley Drainage District without preferring one over the other and upon a *pro rata* basis. The decree further directed the receiver to assess each year after the date of the court's decree, as the court shall direct from year to year, such annual installment assessments as shall be necessary, adequate and proper for the payment of the principal and interest accruing on the series of bonds of the district, plus the amount authorized to be levied and assessed by law for the expenses of the operation and maintenance of the district, including such compensation and expenses as may from time to time be allowed the receiver by order of the court. The decree authorized and empowered the receiver to advertise for sale and sell all of the land situate in Little River Valley Drainage District, title to which had become vested in the District, as authorized by the provisions of Section 12 of Chapter 12078, General Laws of Florida, Acts of 1927, and to execute and deliver to the respective purchasers of said property good and sufficient deed of conveyance as required by law. A previous decree refusing to award an injunction to complainants below with reference to the affairs of the said Little River Valley Drainage District was reversed by this Court on a prior appeal. See: First State Savings

Bank of Morenci, Michigan, v. Little River Valley Drainage District, 122 Fla. 304, 165 Sou. Rep. 48.

The statutes of Florida provide that if any bond or interest coupon on any bond issued by a Drainage District of this State is not paid within sixty days after its maturity, a court of competent jurisdiction, on the application of any bondholder of such bond or interest coupon so overdue, may appoint a receiver for the District, said receiver to be a resident of the State of Florida, or some corporation organized under the laws of Florida and authorized by such laws to act as receiver, the appointment to be made only upon reasonable notice of an application for such an appointment and to be for the purpose of having the proceeds of taxes collected by the receiver applied, after payment of costs, first, to overdue interest, and then to the payment *pro rata* of all bonds issued by the said District which are then due and payable. Under the statute the receiver may be directed to foreclose by suit the lien of taxes on lands within the District for the purpose of enforcing the payment of taxes and charges against said lands. When all costs overdue, interest and bonds which are due and payable have been paid, the statute provides that the receiver shall be discharged and the affairs of the District restored to the statutory Board of Supervisors otherwise provided by law to conduct the same. See Section 1138 R. G. S., 1493 C. G. L., as amended by Chapter 12040, Acts 1927, Chapter 9129, Acts 1923.

The appointment of the receiver made in this case conforms to the terms and conditions of the statute as written. The question to be decided then is resolved into one of constitutionality of the statute, as well as one of its application to the facts of the case at bar.

As to the constitutionality of the statute, we approve

and follow the holdings of the Federal Courts that have sustained the Act both as to the sufficiency of its title and its validity in subject matter. See: Kiretmeyer v. Baldwin Drainage Dist., 298 Fed. 604; Kiretmeyer v. Hemphill, 19 Fed. (2nd) 513. We hold therefore that the provisions of Chapter 9129, Acts of 1923, authorizing the appointment of judicial receivers for Drainage Districts in this State are not violative of Article II of the Constitution of Florida providing for a division of governmental powers among the legislative, executive and judicial branches of the government, nor are they violative of Section 16 of Article III of the State Constitution providing that each law enacted by the Legislature shall contain but one subject, which subject shall be briefly expressed in the title.

The receiver in the present case was appointed by the Court in its final decree, and is simply a judicial agency by which the final decree of the court is enforced with reference to the collection of taxes with which to pay and discharge the bonds and interest coupons upon which the plaintiff has sought such relief in its bill of complaint. Such being the status of the receivership, it cannot be successfully maintained that the statute providing for the judicial appointment of such a receiver confers on the courts executive or legislative powers in violation of Article II of the Florida Constitution, since all the receiver is to do is to make collection of the tax liens that have already been spread upon. the benefitted lands and thereupon apply the proceeds of such collection to the payment of the District's debts in accordance with an equitable plan of *pro rata* payment thereof with such resources as may be collected from time to time. No appointment of a receiver is authorized except after default in the payment of the District's obligations, and it is the fact of such a default that

brings about the necessity for the appointment of judicial receiver to remedy the same. Furthermore, the statute provides that as soon as the default is remedied, the receiver shall be dismissed and the management of the District affairs returned to the District Supervisors.

As to the second proposition, namely, that the applicability of the receivership provision of the statute to the facts of the case at bar, the record in this case does not support the contention of the appellants that the Chancellor below predicated his appointment of the receiver in this case on the default alone. The bill of complaint in this case was filed on February 25, 1935. The bonds upon which the same was brought were issued in June, 1927. The bill of complaint alleges, and the Board of Supervisors has not denied, that there has been a refusal to enforce the colleclection (in the manner provided by law) of delinquent taxes provided to be levied for each of the years 1928 to and including the year 1932. It further appears by the bill that by reason of the defaults in the collection of taxes and the refusal of the District Supervisors to make reasonable efforts to collect the same by means at their command available for that purpose, that the bonds of appellees have long since gone into default and that unless a receiver is appointed and charged with the duty of liquidating the affairs of the District, that the rights of complainants below will be seriously impaired and frustrated.

We think that the appointment of a receiver was authorized under the circumstances shown by the bill of complaint, and that the statute under which the receiver was appointed being held to be constitutional, that the order appointing such receiver should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J. (dissenting).—I seriously doubt the constitutional validity of a statute authorizing the appointment of a receiver for a public corporation, vested with the power to levy and collect taxes, merely because any bond, or interest coupon, is not paid within sixty days after maturity, regardless of any and all other conditions. If a public corporation is a solvent, going concern, with a full set of lawfully selected officers, a mere default for sixty days in the payment of an interest coupon, would not authorize the judicial branch of the government to take charge through a receiver, displacing the lawfully constituted governing board or other officers of the public corporation. See 44 C. J. 1458, and cases cited. This point was not considered in the federal cases cited in the majority opinion. The power to appoint a receiver for an ordinary business corporation is a delicate one, and only to be exercised sparingly and under extraordinary circumstances, but to hold that the Legislature can extend the power so as to apply to a public corporation on a mere sixty-day default, without more, is going too far, when the provisions of Art. II of the Constitution are given full force and effect. Nor is it necessary. The officers of the taxing unit can be required by mandamus to levy and collect taxes for the payment of the bonded debts, and can by injunction, be restrained from taking any unlawful action which could tend to impair the obligation of its bonds or prejudice their enforcement. Some pertinent observations on this subject are contained in Depew v. Venice Drainage Dist., 158 La. 1099, 105 So. 78. Thus it appears to me that the statutory provision, in its present form, is unconstitutional.