**STATE OF FLORIDA, ex rel. H. T. DAVIS and GEORGE W. YEOMAN, v. JUMPER CREEK DRAINAGE DISTRICT, et al.**

14 So. (2nd) 900                                    June Term, 1943
July 30, 1943                                             En Banc
Rehearing Denied September 20, 1943

*Erle B. Askew* and *Clair A. Davis,* for appellants.

*Carroll W. Fussell* and *C. A. Boswell, Jr.,* for appellees.

ADAMS, J.:

From a judgment dismissing an action of mandamus, for want of proper parties respondent, relator appeals.

Jumper Creek Drainage District was formed pursuant to the general drainage law of Florida. The benefits to the land in the district assessed exceeded a million dollars. Bonds totaling nearly a half million were issued. The total tax levied and prorated against the property was nearly a million dollars. The supervisors of the district allowed certain property owners to pay off and discharge the total tax assessed against their property.

Ninety-eight per cent of the payment of this tax was made with outstanding and past due bonds of the district at par and the remainder in cash. Relator is the holder of past due bonds of the district and sought to compel the levy of an additional tax, not in excess of the assessed benefits, on all lands in the district including the lands purportedly released. The circuit judge dismissed the action because the persons holding title to the released lands were not made parties. This ruling presents the only question for us to decide.

The drainage district is a creature of the general statutes (C. 6458 Gen. Laws 1913, C. 298. F.S. 1941) and the management of the district is placed in a board of supervisors. The creative statute is a grant of power and the supervisors of the district must look entirely to the statute for their authority. All persons and their privies dealing with the supervisors are charged with notice of the limitation of authority vested in the officials. Relators' rights were fixed by law when the bonds were first negotiated. Sec. 41, Chapter 6458, Acts 1913. The action of the supervisors in accepting the bonds and releasing the total tax was contrary to law and of no effect. See First State Bank of Morenci v. Little River Drainage District, 122 Fla. 304, 165 So. 48. The board of supervisors are the legal representatives of all the land owners in the district. They are also trustees of all assets allocated by law to pay and discharge bond obligations of the district. Those assets may be accumulated cash or "tax levied." If they should take the cash from the till and wrongfully de-

liver it to a third party, surely no one would argue that relator would need make the third party a party respondent to have the supervisors further discharge their duty. The same is true where they wrongfully dispose of the other form of assets. In fact, there is nothing here that the court might order the absent land owners to do in the way of granting relief. If the absent land owners had paid in cash for the release under the law (Sec. 17 and 41, c. 6458, Acts 1913) he might still be liable not exceeding the total assessed benefit.

The judgment is reversed with directions to proceed further not inconsistent with this opinion.

Reversed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.

TERRELL, BROWN, and CHAPMAN, JJ., dissent.