**JUMPER CREEK DRAINAGE DISTRICT, and W. J. HOOTEN, H. C. TOMPKINS and H. S. HAZEN, the supervisors thereof, v. STATE OF FLORIDA, ex rel. H. T. DAVIS and GEORGE W. YEOMAN.**

21 So. (2nd) 459                                    January Term, 1945
March 6, 1945                                          En Banc
Rehearing denied April 10, 1945

*Carroll W. Fussell,* and *Clarence A. Boswell, Jr.,* for appellants.

*Erle B. Askew, Richard T. Earle, Jr.,* and *Clair A. Davis,* for appellees.

ADAMS, J.:

This appeal is from a judgment for relator notwithstanding respondent's answer in mandamus. This case has, heretofore, been before us. See State v. Jumper Creek Drainage District, 153 Fla. 451, 14 So. 2nd 900.

When our mandate went down, an answer was filed substantially admitting the allegations of the alternative writ and also set up, by way of an affirmative defense, that several years prior to this suit the drainage district was in the custody of a receiver of the United States District Court and pursuant to express authority of the Court the receiver had received the district's bonds in lieu of cash payment of 98% of the total taxes when accompanied by the remaining 2% in cash; that after the discharge of the receiver the district supervisors had followed the same practice until the whole of the taxes assessed was cancelled out and discharged, save and except the tax lien on a 3500 acre tract which was held by the district.

From the factual background it appears that the district was organized in 1923, at which time it issued $450,000.00 bonds to finance its reclamation. The assessed benefits were fixed at $1,359.076.50. The total taxes assessed to discharge the debt were $940,500.00. About 1932, the district became involved in debts and a federal court receiver was appointed. Over a period of about six years the receiver handled the affairs of the district and during that time he retired well over $300,000 obligations of the district pursuant to court authority by accepting bonds in lieu of cash to pay taxes. After his discharge the supervisors followed the same practice and actually cancelled out the total taxes assessed except those on a 3500 acre tract which had been foreclosed upon for delinquent taxes and then owned by the district.

The position of the district may be summarized as follows: that appellees purchased their bonds at almost a

nominal consideration when the market was greatly depressed and stood by without a protest while all things above recited transpired that the receivership proceeding in the federal court was in reality a class suit which had the effect of binding all the bondholders and the effect of the decree of the federal court was to cancel the total taxes assessed and those which could be assessed under and by virtue of the assessed benefits. It is urged that the effect of this writ is to collaterally invalidate the decree of the federal court in the receivership case. Finally, it is claimed that appellees have not been diligent and laches would preclude the granting of relief.

We will dispose of the question of laches first. It is fundamental that laches will not avail a litigant when the delay has resulted in no injury, embarrassment or disadvantage. Lightsey v. Lightsey, 150 Fla. 664, 8 So. (2nd) 399. The district is none the worse off for not being required to pay all of its debt sooner.

The fact that appellees might have pruchased the bonds at a greatly reduced price presents no issue or question deserving argument or discussion.

As to whether the decree of the federal court extinguished the total taxes which could be levied and whether this is a collateral attack thereon we might say that this defense was an affirmative one and could only prevail where it clearly appeared that such was the intent and purpose of the action of the federal court. We are not required to condemn as illegal the act of the receiver and supervisors in receiving bonds in payment of taxes.

Appellees' judgment was procured on the premise that all taxes assessed had been wiped out and by reason thereof it was necessary to assess other taxes, not in excess of the assessed benefits, against the lands.

It, therefore, becomes immaterial whether the manner of payment of taxes was according to law. We find nothing in the record to support the claim that all assessed benefits were discharged. The burden is on the appellants to clearly substantiate this claim. The records of the district are in the custody of appellants and if the exchange of the bonds

had been for the assessed benefits rather than the total tax it could have easily been shown by the district's own records. We may well assume the contrary because the assessed benefits so greatly exceed the bonded debt that it stands to reason there would have never been enough bonds to cancel out the total benefits.

We have searched the record in vain to find where these bonds were bound by any class suit in the federal court which would alter our decision. The bondholders committee which brought the suit represented $380,000 of the bonds but it was not made to appear that appellees' bonds were any part thereof. If it had been a class suit for all the bondholders undoubtedly the federal court would have preserved the rights of the bondholders not having deposited their bonds with the committee.

We have listened to the plea that it is unconscionable to allow full recovery to appellees now that the other bonds are retired and the lands have taken on new value under the belief that the total debt was extinguished. Obligations of this kind are possessed of solemn value and cannot be so lightly cast aside and held for naught, under even an honest assumption by those obliged to take notice of their legal effect. Throughout the whole history of this litigation all parties were fully charged with notice of this debt and the rights and remedies of the bondholders. No doubt the bonds have greatly appreciated in value. Such is no concern of ours, and, too, there is hardly any property which has not substantially increased in value over the past ten years.

Finding no error in the record the judgment is affirmed.

BUFORD, BROWN and SEBRING, JJ., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, C. J., and TERRELL, J., dissent.