Appellant filed his bill for declaratory decree, praying that his rights be determined and that appellees be required to grant him a reciprocal C.P.A. Certificate as provided by Section 473.19, F.S.A. The bill of complaint was dismissed for laches and the complainant appealed.
It was error to dismiss the bill for laches. The record shows that appellant filed his application for reciprocal certificate May 2, 1946, and that it was rejected August 27, the same year. Shortly thereafter, the application was renewed and was again rejected January 15, 1947. The application was again renewed September 20, 1947. The applicant appeared before appellees in person April 23, 1948, and urged that his application be granted. Months later it was again rejected and the bill in this case was filed July 22, 1948. Whatever delay there was is not shown to have injured any one, nor was any one inconvenienced or embarrassed by it. *Page 368 
Jumper Creek Drainage District v. State, 155 Fla. 669, 21 So.2d 459.
The legislature of 1947 enacted Chapter 24164, amending Section 473.19, Florida Statutes of 1941, F.S.A., exacting a two year residence and other requirements of the applicant for reciprocal C.P.A. Certificate, but we think from the facts shown here, appellant made the proper showing and was entitled to have his rights adjudicated under the law as it existed when he first applied. Other questions raised are foreclosed in favor of appellant by Atwood et al. v. Gelbond, Fla., 40 So.2d 458; decided April 22, 1949, rehearing denied May 13.
Reversed.
ADAMS, C.J., and CHAPMAN, SEBRING, HOBSON and ROBERTS, JJ., concur.
THOMAS, J., dissents.