DREW, Justice.
In the year 1948 relator filed an application for a reciprocal certificate of registration as a pharmacist in the State of Florida under the provisions of Chapter 465, F.S.A. This application was rejected by the Board.
In 1949 we held, Attwood v. Gelbond, Fla., 40 So.2d 458, that the Board of Pharmacy had .no authority to deny a reciprocal certificate under the circumstances set forth in relator’s original application and later, Goldstein v. Sweeny, Fla., 42 So.2d 367, wc held that even though the provision for reciprocal certificates was later repealed — as was done by Chapter 25238, Acts of 1949— an applicant was entitled to have his rights adjudicated under the law as it existed when he first applied. Then, in 1951, in the case of Attwood v. State, Fla., 53 So.2d 101, on the same general subject, we said:
“In Goldstein v. Sweeny, Fla., 42 So.2d 367, we held that an applicant for a reciprocal certificate to practice accountancy was entitled to have his rights adjudicated under the law as it existed when he applied for the certificate. In this case the law authorizing reciprocal certificates was repealed after the application was made and while it was not repeatedly renewed, as it was in the case last cited, the circumstances did not so require. No laches whatever is shown on the part of Buchert. In all material respects we think this case is ruled by Goldstein v. Sweeny, supra, and Attwood v. Gelbond, Fla., 40 So.2d 458.”
Mandamus proceedings were instituted by relator February 1, 1952, in Leon County to compel the Board, respondents, to issue a reciprocal certificate. The alternative writ issued, an answer was filed by respondents and a reply thereto was filed by relator. The cause was submitted on final hearing and the lower court entered the following order from which this appeal is prosecuted:
“In 1948 Relator applied to Respondents for a reciprocal certificate of authority to practice pharmacy in this state. Due to misconstruction of the law this certificate was improperly denied in April 1948.
“No action was taken by Relator to' require issuance of this certificate until-February 1, 1952, when alternative writ of mandamus was applied for in this cause.
“The sole question presented for decision is whether or not the Relator is too late in seeking relief.
“Subsequent to the denial of Relator’s application, the Legislature enacted Chapter 25238, Acts of 1949, which terminated reciprocity in the issuance of certificates of *919 this kind. Of course this did not have the effect of destroying the rights of persons illegally denied certificates properly applied for prior to the effective date of this statute if such persons sought judicial relief within the proper time after they had been denied certificates. But any writ of mandamus requiring the issuance of a certificate must be based upon the application denied and upon it alone.
“No statute of limitations applies to proceedings in mandamus. Laches may be invoked and the courts have frequently stated that unreasonable delay may be grounds for denying the writ.
“The court knows what everybody knows, and will take judicial notice of the fact that the science of medicine is rapidly advancing in the use of new and sometimes dangerous drugs, familiarity with which is essential to the competent pharmacist.
“It may well be that Relator has kept fully abreast of these changes, but for the court to determine that he has would require an excursion into the jurisdiction of the Respondent Board. This the court is not permitted to undertake.
“If the Relator has not kept pace with the advances in this field, the public interest demands that he should not be permitted to practice.
“A peremptory writ of mandamus in this case, if issued, must be based upon a factual situation existing in 1948.
“It is doubtful if the facts before the court show that Relator has been guilty of such laches as will bar relief when the technical elements oí that defense are considered, including as they do, a damage or detriment to the Respondents resulting from the delay.
“But mandamus is a discretionary writ. When, as here, a party has acquiesced in an erroneous decision of the Board of Pharmacy for nearly four years, without any legal excuse, and has by this delay permitted a situation to arise in which the court must either enter into a determination of technical matters in a field with which it is entirely unfamiliar and which under the law is entrusted to a Board of trained personnel, or must require the granting of a certificate to practice pharmacy to one who may not be qualified, it is proper for the court to exercise its discretion to deny the writ.
“For these reasons, it is,
“Considered, ordered and adjudged that the motion for peremptory writ of mandamus in this cause be and the same is hereby denied, and that the alternative writ heretofore issued in this cause be quashed.”
Had the certificate been issued in 1948 — as the learned Circuit Judge correctly held it should have been — the issuance thereof would have afforded no assurance that the recipient thereof would have practiced his profession nor was there any requirement that he keep abreast of the science of medicine irom that date forward. Such certificates could be renewed annually without further’ examination and could be revoked after hearing before the Board only for the reasons set forth in the Act. The Act'• expressly provides “that actual retirement from the profession of any registered pharmacist for a period not exceeding five years shall not deprive such person of the right to renew his registration upon the payment of all lapsed fees.” Section 465.03, F.S.A. This is a clear legislative determination that five years away from the practice does not affect a pharmacist’s qualifications. In this instance, less than four years had elapsed since the certificate was first applied for and should have been issued. So far as the public interests were concerned, whether the certificate had been issued in 1948 or 1952, the result would have been exactly the same. The lapse of time alone does not constitute laches. Laches implies damages or detriment to the other party by virtue of such delay and we find none here. The only damage appears to be that suffered by relator by the wrongful refusal of the State to comply with the law.
The whole matter boils down to the question of whether the lower court abused its discretion in quashing the alternative writ and we must hold in the affirmative. The only issue before the court was whether the delay by relator in seeking relief prevented the issuance of the reciprocal certificate. *920 For the reasons pointed out, we hold that it did not.
Reversed with directions for further proceedings in accordance with this opinion.
TERRELL, THOMAS and. HOBSON, JJ., concur.
ROBERTS, C. J., and SEBRING and MATHEWS,. JJ., dissent. .