Mr. William R. Scott Counsel Indiantown Water Control District 700 Colorado Avenue Post Office Box 2057 Stuart, Florida 33497
Dear Mr. Scott:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHETHER THE INDIANTOWN WATER CONTROL DISTRICT, ESTABLISHED PURSUANT TO CH. 298, F.S., IS AUTHORIZED TO EXPEND DISTRICT FUNDS TO TAKE PREVENTATIVE MEASURES TO PROTECT CITRUS GROVES WITHIN THE DISTRICT FROM CITRUS CANKER.
Your letter states that the Indiantown Water Control District was organized in 1946 under Ch. 298, F.S. The district, which has been in continuous operation since its establishment, is engaged solely in water control duties. The lands located within the water control district are used exclusively for citrus production.
According to the information you have supplied, the board of supervisors of the water control district has recently evidenced a desire to institute certain preventative measures to protect the citrus groves from the incursion of citrus canker. You state that this would entail the use of chemicals and the spraying of trucks and personnel entering the district through a common entryway. You question whether funds of the Indiantown Water Control District may be expended for such preventative measures.
The courts of this state and this office have previously stated that a special district, such as the Indiantown Water Control District, is a creature of statute and as such possesses only those powers and authority as have been expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power. See, Halifax Drainage District of Volusia County v. State, 185 So. 123, 129 (Fla. 1938); see also, AGO's 76-87, 74-169, 74-49, 73-374, 73-314. Thus the powers of a water control district are measured by the terms of the statute under which it is organized and it can exercise no authority that has not clearly been granted it by the Legislature or which is necessarily implied from the powers conferred. See generally, 25 Am.Jur.2d Drains and Drainage Districts s 7; 28 C.J.S. Drains s 12. And see, State ex rel. Vans Agnew v. Johnson, 150 So. 111
(Fla. 1933), for the proposition that the powers of a water control district are restricted to those deemed essential by the Legislature to effect its purpose; and Halifax Drainage of Volusia County v. State, supra; State ex rel. Davis v. Jumper Creek Drainage District, 14 So.2d 900 (Fla. 1943), aff'd., 21 So.2d 459
(Fla. 1945); Rabin v. Lake Worth Drainage District, 82 So.2d 353
(Fla. 1955), cert. den., 350 U.S. 958 (1956); Roach v. Loxahatchee Groves Water Control District, 417 So.2d 814 (4 D.C.A.Fla., 1982), aff'd., 421 So.2d 49 (4 D.C.A.Fla., 1982), indicating that a water control district has only those powers which the Legislature has delegated to it by statute. Cf., AGO 83-44, concluding that the Florida Inland Navigation District does not have statutory authority to expend district monies to fund a special marine patrol troop, to provide funds on a matching basis and as outright grants for public information and education programs.
While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); AGO's 78-101, 78-94, 75-299. Any implied power must be necessarily implied from a duty which is specifically or expressly imposed by statute; it must also be essential in order to carry out the expressly granted power or duty imposed. See, Florida State University v. Jenkins,323 So.2d 597 (1 D.C.A.Fla., 1975); AGO 73-374. Moreover, in a situation concerning the exercise of powers by a public officer or administrative agency, it is clear that where there is reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. Hopkins v. Special Road Bridge Dist. No. 4, 74 So. 310
(Fla. 1917); Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A.Fla., 1974). Cf., AGO 76-191 (to perform any function for the state or to expend any money belonging to the state, the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision authorizing him to do so).
Pursuant to s 298.01, F.S., water control districts established prior to July 1, 1980, which were created by the process formerly contained in ss 298.01-298.03 may continue to operate as outlined in Ch. 298, F.S. Thus the powers and duties of the Indiantown Water Control District are governed by the current provisions of Ch. 298. The Legislature in s 298.22, F.S., has set forth the powers which the board of supervisors of a water control district may exercise in order to effect the drainage, protection and reclamation of the land in the district subject to tax. An examination of s 298.22, F.S., reveals that all the activities delineated therein relate to the "drainage, protection and reclamation of the land in the district." Nowhere is the water control district authorized to expend monies to fund preventative measures against the incursion of citrus canker within the district nor do I discern any express duty or responsibility for which such implied authority is necessary, indispensable or essential in order to carry out such express purpose of the district. The Indiantown Water Control District as a special district was established and empowered for certain statutorily prescribed purposes, i.e. to effect drainage protection and reclamation of the land in the district and any new courses or purposes must be adopted or provided by the state Legislature, not by the governing body of such a special district whose duties, responsibilities and authority are limited to those specified in the statute. In the absence of any statutory provision authorizing the Indiantown Water Control District to expend funds to take preventative measures against the incursion of citrus canker within the district, I am of the opinion that the water control district may not exercise such authority. However, this opinion does not address or comment on the authority of any other duly authorized entity to act to prevent the incursion of citrus canker into the citrus groves of the district.
Therefore, unless and until judicially or legislatively determined otherwise, it is my opinion that the Indiantown Water Control District is not authorized to expend district funds to take preventative measures to protect citrus groves growing on district property from the incursion of citrus canker.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General