Mr. William Selmi, Jr. Attorney for Coquina Water Control District 306 Northwest Fifth Street Okeechobee, Florida 34972-2565
Dear Mr. Selmi:
On behalf of the Coquina Water Control District, you ask substantially the following question:
May a water control district operating under the authority of Chapter 298, Florida Statutes, maintain and improve roads within the district's boundaries?
According to your letter, the Coquina Water Control District was created pursuant to a circuit court decree rendered under the authority of Chapter 298, Florida Statutes.[1] The decree creates the drainage district as a public corporation "under and pursuant to and authorized by the aforesaid Chapter 298 of the Florida Statutes" and provides that the district "is hereby granted and vested with all rights, powers, duties, privileges, immunities and franchises specified and provided in said Chapter 298 of the Florida Statutes."[2]
You state that the district is part of the non-platted Viking Subdivision in Okeechobee County. While the area was largely uninhabited, more people have been moving into the area. As a result, the roads require improvement and maintenance; however, the county does not maintain the roads. The residents of the subdivision within the district have asked the water control district to maintain the roads. In light of the provisions of Chapter 298, Florida Statutes, you question whether the district possesses the authority to improve and maintain such roads and to obtain funding for such improvements and maintenance.
As an entity created pursuant to statute, the water control district may only exercise such powers as have been expressly granted by statute or must necessarily be exercised in order to carry out an express power, and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[3]
Thus the powers of a water control district are measured by the terms of the statute under which it is organized and it can exercise no authority that has not clearly been granted it by the Legislature or which is necessarily implied from the powers conferred.[4] While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.[5] Any implied power must be necessarily implied from a duty that is specifically or expressly imposed by statute.[6]
For example, in Attorney General Opinion 85-43, this office stated that in the absence of any statutory provision authorizing the Indiantown Water Control District to expend funds to take preventative measures against the incursion of citrus canker within the district, the water control district could not exercise such authority.
While some water control districts have been granted the authority by their enabling special acts to maintain roads,[7] it does not appear that the Coquina Water Control District has been granted powers in addition to those specified in Chapter 298, Florida Statutes. The Legislature in section 298.22, Florida Statutes, has set forth the powers that the board of supervisors of a water control district may exercise. An examination of that statute reveals that the activities delineated therein relate to the "drainage, protection and reclamation of the land in the district." The board is authorized to construct, complete, operate, maintain, repair and replace any and all works and improvements necessary to execute the water control plan for draining and reclaiming the lands from overflow or damage by water. Subsection (5) of the statute provides that the board may "construct roadways over levees and embankments."
Nowhere is the water control district authorized to expend monies to generally maintain and repair roads within the subdivision located within the district. While the district may determine that the maintenance of certain roads within the district, such as the roads it constructs over levees and embankments, is essential in order for the district to carry out its expressly authorized purpose, i.e., the drainage, protection and reclamation of the land in the district, the general maintenance and repair of roads within the district would appear to be outside the scope of Chapter 298, Florida Statutes. Moreover, the district's authority to levy taxes and issue bonds is limited to the purposes set forth in Chapter 298.[8]
Accordingly, I am of the opinion that in the absence of any statutory provision authorizing the Coquina Water Control District to expend funds to maintain and repair roads within the district, the water control district may not generally exercise such authority. The district, however, may wish to seek a legislative amendment to authorize the district to maintain and repair such roads within the district's boundaries.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, s. 298.01, Fla. Stat., stating that it is the legislative intent that those water control districts established prior to July 1, 1980, pursuant to the process formerly continued in ss. 298.01, 298.02, and 298.03, may continue to operate as outlined in Ch. 298, Fla. Stat.
[2] See, Order, In re Southern Lakes Drainage District, No. 741 (19th Jud. Cir., Okeechobee Co., June 23, 1971), as modified by Order, In reSouthern Lakes Drainage District, No. 741 (19th Jud. Cir., Okeechobee Co., October 10, 1973).
[3] See, Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenbergv. Florida State Board of Dentistry, 297 So.2d 628
(Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900
(Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida,281 So.2d 493 (Fla. 1973).
[4] See generally, 28 C.J.S. Drains s. 12. And see, State ex rel. VansAgnew v. Johnson, 150 So. 111 (Fla. 1933), for the proposition that the powers of a water control district are restricted to those deemed essential by the Legislature to effect its purpose; Halifax DrainageDistrict of Volusia County v. State, supra; State ex rel. Davis v. JumperCreek Drainage District, 14 So.2d 900 (Fla. 1943), affirmed, 21 So.2d 459
(Fla. 1945); Rabin v. Lake Worth Drainage District, 82 So.2d 353 (Fla. 1955), cert. den., 350 U.S. 958 (1956); Roach v. Loxahatchee Groves WaterControl District, 417 So.2d 814 (Fla. 4th DCA 1982), affirmed, 421 So.2d 49
(Fla. 1982), indicating that a water control district has only those powers which the Legislature has delegated to it by statute. Cf., Op. Att'y Gen. Fla. 83-44 (1983), concluding that the Florida Inland Navigation District does not have statutory authority to expend district monies to fund a special marine patrol troop, to provide funds on a matching basis and as outright grants for public information and education programs.
[5] Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); Ops. Att'y Gen. Fla. 78-101 (1978), 78-94 (1978), and 75-299 (1975).
[6] See, Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975); Op. Att'y Gen. Fla. 73-374 (1973).
[7] See, e.g., Ch. 81-481, Laws of Fla., creating the Flagler Estates Road and Water Control District (formally Sixteen Mile Creek Water Control District) as an independent special district created pursuant to Ch. 298, Fla. Stat., and authorizing the district, in addition to maintaining drainage improvements, to "maintain roadways and roads necessary and convenient for the exercise of the powers or duties or any of the powers or duties of said district" and to "maintain streets, roadways, and roads necessary and convenient to provide access to and efficient development of areas made suitable and available for cultivation, settlement, urban and suburban, and other beneficial use and development as a result of the drainage, irrigation and reclamation operations of the district." And see, Ch. 99-425, Laws of Fla., which sets forth the powers of the Loxahatchee Groves Water Control District and provides that in addition to the powers provided in Ch. 298, Fla. Stat., the district has the authority:
"to maintain roadways and roads necessary and convenient for the exercise of the powers or duties . . . of the district or the supervisors thereof; and in furtherance of the purpose and intent of this act and chapter 298, Florida Statutes, to maintain roadways and roads necessary and convenient to provide access to and efficient development of areas made suitable and available for cultivation, settlement, and other beneficial use and development as a result of the reclamation operations of the district . . ."
See also, Ch. 59-994, as amended by Ch. 89-462, creating the Northern Palm Beach County Water Control District and authorizing it "to construct, improve, pave and maintain roadways and roads" needed to access and develop those areas which are made suitable for settlement and development as a result of the operations of the district and to construct roads "for the exclusive use and benefit of a unit of development and its landowners, [and] residents," to "finance and maintain said roads and their associated elements as part of a water management plan," and to "construct and maintain security structures to control the use of said roads." Compare, s. 298.76(1), Fla. Stat., which states Ch. 298 is amended to provide that, pursuant to the authority granted the Legislature in Art. III, s. 11(a)(21), Fla. Const., there shall be no special law or general law of local application granting additional authority, powers, rights, or privileges to any water control district formed pursuant to this chapter, except this subsection shall not prohibit special or local legislation which, inter alia, authorizes the construction or maintenance of roads for agricultural purposes as outlined in this chapter.
[8] See, e.g., s. 298.305(2), Fla. Stat., authorizing the board of supervisors to issue bonds in accordance with s. 298.47, Fla. Stat., to pay the cost of the works and improvements described in the water control plan; s. 298.349, Fla. Stat., levying an acreage assessment for the payment of expenses incurred in making surveys of the lands in the district, assessing benefits and damages, and other expenses necessarily incurred.